IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Linda Chavis, | ) | |
|       Plaintiff, | ) | Civil No. 2:09-cv-2185-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| Life Insurance Company of North America, | ) | **ORDER AND OPINION** |
| | ) | |
|       Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's complaint, or, in the alternative, to stay the case until plaintiff exhausts all avenues of administrative review. Plaintiff claims that defendant breached two insurance contracts by denying her claims for short-term and long-term disability benefits. Defendant's motion addresses plaintiff's long-term disability claim. Defendant argues that plaintiff failed to exhaust all administrative appeals under the long-term disability policy prior to filing a claim under the Employee Retirement Insurance Security Act of 1974 (ERISA), and defendant moves to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c). For the reasons set forth below, the court denies defendant's motion in its entirety.

**I. BACKGROUND**

On June 24, 2009, plaintiff filed a complaint in state circuit court, alleging breach of insurance contracts (Compl. ¶ 5-18) and bad faith refusal to pay insurance claims (Compl. ¶ 19-25) by defendants Cigna Group Insurance and Life Insurance Company of North America (LINA). On August 17, 2009, defendant LINA filed a notice of removal

1

pursuant to 29 U.S.C. § 1144. The notice of removal stated that Cigna Group Insurance was a trade name only and not a legal entity. Subsequently, plaintiff filed an amended complaint terminating Cigna as a defendant and dropping the bad faith refusal to pay insurance claims cause of action.

Plaintiff's amended complaint states that she had both short-term and long-term disability insurance policies "under an employer-sponsored health benefit plan governed by federal law pursuant to ERISA, 29 U.S.C. Section 1144, et. seq. (as amended)." Am. Compl. ¶ 3-4, 10. Plaintiff states that she or her employer paid all required premiums for the policies, and neither party disputes whether the policies were in effect at the time of the alleged disability.

Plaintiff was a registered nurse who allegedly became disabled in June 2008, as a result of back problems. Plaintiff claims that she satisfied the definition of "disabled" under both the short-term disability (STD) policy, #LK0750215[1], and the long-term disability (LTD) policy, #LK0960859[2]. Plaintiff argues that LINA breached both

---

[1] The STD policy defines disabled as:

    A.    Unable to perform all the material duties of his or her Regular Occupation; and
    B.    Unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.

Am. Compl. ¶ 6.

[2] Under the LTD policy, one is considered disabled if solely because of Injury or Sickness, you are:

    1.    unable to perform the material duties of your Regular Occupation; and
    2.    unable to earn 80% or more of your Indexed Earnings from

2

disability policies by refusing to pay disability benefits. Am. Compl. ¶ 8, 16. Plaintiff states that she has exhausted all administrative remedies under the STD policy claim. Plaintiff alleges that she has also exhausted all administrative remedies under the LTD policy claim, or, in the alternative, LINA has waived administrative remedies, or such remedies would be "futile and serve no useful purpose." Am. Compl. ¶ 15. Plaintiff seeks past and future benefits under the disability plans, costs, actual damages, and reasonable attorney fees. Am. Compl. ¶ 17.

Defendant's motion to dismiss asserts that the only claim at issue is plaintiff's LTD policy claim because plaintiff has already received STD benefit payments. Defendant argues that plaintiff has not exhausted all available administrative remedies under the LTD policy; therefore, she cannot pursue her claim under ERISA. Mot. to Dismiss 1.

Defendant provided a timeline and supporting documentation for all communications between plaintiff and defendant, which began on June 9, 2008. The chronological sequence of events can be summarized as follows:

---

working in your Regular Occupation.

After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:

1. unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 80% or more of your Indexed Earnings.

Mot. to Dismiss Ex. P at 13.

On June 9, 2008, plaintiff applied for STD benefits via telephone, and on July 18, 2008, defendant denied plaintiff's claim due to a lack of medical information supporting the claim. Plaintiff gave notice of appeal, and on November 10, 2008, defendant reaffirmed the July 18, 2008 denial of plaintiff's claim. On February 9, 2009, plaintiff appealed defendant's decision.

On February 22, 2009, plaintiff made a claim for LTD benefits; however, defendant's earlier denial of STD benefits classified plaintiff as ineligible for LTD benefits. As a result, on March 5, 2009, defendant denied plaintiff's LTD benefits claim.

On March 13, 2009, defendant denied plaintiff's STD benefits appeal. Plaintiff filed another permissive appeal concerning STD benefits. Defendant initially rejected the appeal, but on July 13, 2009, defendant reversed its decision and paid plaintiff's STD benefits for a period of 26 weeks. The reversal regarding STD benefits caused defendant to re-open plaintiff's claim for LTD benefits. On July 16, 2009, defendant received notice of plaintiff's complaint filed in state court on June 24, 2009.

After re-evaluating plaintiff's LTD benefits claim, defendant denied the claim on August 20, 2009. Plaintiff did not appeal the denial of her claim pursuant to the terms of the LTD policy, which states:

> Whenever a claim is denied, you have the right to appeal the decision. You (or your duly authorized representative) must make a written request for appeal to the Insurance Company within 60 days (180 days in the case of any claim for disability benefits) from the date you receive the denial. If you do not make this request within that time, you will have waived your right to appeal.

Mot. to Dismiss 3. Defendant states that the letter denying LTD benefits, dated August 20, 2009, also notified plaintiff that she must submit a written appeal if she intended to

4

appeal the denial, and that she could file a lawsuit against the defendant under section 502(a) of ERISA "following an adverse benefit determination on appeal." Mot. to Dismiss 3.

Defendant argues that Makar v. Health Care Corporation of the Mid-Atlantic, 872 F.2d 80 (4th Cir. 1989), requires a party to exhaust all administrative remedies before pursuing a claim under ERISA, unless the "plaintiff makes a 'clear and positive' showing that pursuit of administrative remedies would be futile." Mot. to Dismiss 3-4 (internal citation omitted). As a result of plaintiff's failure to appeal the August 20, 2009 denial, defendant argues that the court should dismiss plaintiff's claims because the court has no jurisdiction over plaintiff's claims, and plaintiff failed to state a claim upon which relief can be granted. Mot. to Dismiss 4-5. In the alternative, defendant requests that plaintiff's claims be stayed until all avenues of administrative remedies are exhausted. Mot. to Dismiss 5.

## II. DISCUSSION

In Makar, the U.S. Court of Appeals for the Fourth Circuit held :

> ERISA does not contain an explicit exhaustion provision. Nonetheless, an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132. This exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes.

872 F.2d at 82 (internal citation omitted). The court also discusses the reasoning behind ERISA's requirement of "internal dispute resolution procedures" for denied claims: "Congress' apparent intent in mandating these internal claims procedures was to

minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." Id. at 83 (internal citation omitted). The court also held that "bare allegations of futility are no substitute for the 'clear and positive' showing of futility other courts have required before suspending the exhaustion requirement." Id. (internal citation omitted).

Certain procedural requirements must also be satisfied when informing claimants of adverse benefit determinations during the administrative review process. Title 29 C.F.R. § 2560.503-1(g) (2009) governs the "[m]anner and content of notification of benefit determination" for plans providing disability benefits:

> (1) Except as provided in paragraph (g)(2)[3] of this section, the plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination . . . The notification shall set forth, in a manner calculated to be understood by the claimant–
>
> > (i) The specific reason or reasons for the adverse determination;
> >
> > (ii) Reference to the specific plan provisions on which the determination is based;
> >
> > (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
> >
> > (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

---

[3]Paragraph (g)(2) applies to "an adverse benefit determination by a group health plan concerning a claim involving urgent care," which does not apply to the case before the court.

> > (v) In the case of an adverse benefit determination by a group health care plan or a plan providing disability benefits,
>
> > > (A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or
>
> > > (B) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

In sum, "[s]ection 503 of ERISA requires that an adequate notice, 'setting forth the specific reasons for [the] denial, written in a manner calculated to be understood by the participant,' as well as the opportunity for a full and fair review, must be given to any participant whose claim is denied." Ellis v. Metro. Life Ins. Co., 126 F.3d 228, 234 (4th Cir. 1997) (quoting 29 U.S.C. § 1133). The U.S. Court of Appeals for the Fourth Circuit held that

> substantial compliance with the spirit of the regulation will suffice, for "[n]ot all procedural defects will invalidate a plan administrator's decision." Substantial compliance exists where the claimant is provided with a "statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review."

Id. At 235 (internal citations omitted). If "reasonable claims procedures" are not followed by a qualifying ERISA plan,

a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l) (2009).

Before reaching the issue of whether plaintiff exhausted all administrative remedies prior to pursuing an ERISA claim, the court must examine the "manner and content" of defendant's initial determination letter regarding LTD benefits dated March 5, 2009. It is plaintiff's contention that this letter violated the procedures set forth in 29 C.F.R. § 2560.503-1(g). The content of the letter is as follows:

> March 5, 2009
>
> | | |
> |---|---|
> | Name: | LINDA CHAVIS |
> | Incident Number: | 1909386 |
> | Plan/Policy Number: | LK0960859 |
> | Plan/Policy Holder: | AMEDISYS INC ATTN: MELISSA ANDREWS |
> | Underwriting Company: | Life Insurance Company of North America |
>
> DEAR MRS. CHAVIS,
>
> We are writing to you regarding your claim for Long Term Disability (LTD) benefits.
>
> Upon further review of your claim it has been determined that you are not eligible for Long Term Disability (LTD). At this time, you claim for Long Term Disability has been closed.
>
> Please contact our office at 800-352-0611 ext. 6519 should you have any questions.
>
> Sincerely,
> [signature of Jodie Graham]
> JODIE GRAHAM

      Disability Claim Manager

Mot. to Dismiss Ex. G.

Defendant argues that this letter was not written for the purpose of notifying plaintiff of an adverse benefit determination, but rather to inform plaintiff of her ineligibility for LTD benefits following defendant's denial of STD benefits. The applicable regulation, however, makes no such distinction between notifications relating to eligibility and notifications of benefit determinations.

The letter did not provide plaintiff with any specific reasons for denying her claim for LTD benefits, other than to say that she was "ineligible." The letter did not provide any policy provision references, what steps might be necessary for plaintiff to perfect her claim, a description of the plan's review procedures, or any guidelines or rules on which defendant's decision was based. Defendant used the word "determined" in the body of the notification letter, arguably giving the impression that defendant had made a LTD benefit determination, and defendant did not explain why plaintiff was ineligible for LTD benefits. Such vagueness does not satisfy the substantial compliance required under section 503. As a result of defendant's failure to follow the requisite claim procedure for notifying a claimant of a benefit determination under 29 C.F.R. § 2560.503-1(g), plaintiff is deemed to have exhausted all administrative remedies under the plan and may pursue her claim under ERISA section 502(a).

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint, or in the alternative, to stay, is **DENIED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**December 8, 2009
Charleston, South Carolina**