IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Linda Chavis, ) | | |
| Plaintiff, ) | | Civil No. 2:09-cv-2185-DCN |
| ) | | |
| vs. ) | | |
| ) | | |
| Life Insurance Company of North America, ) | | **ORDER AND OPINION** |
| ) | | |
| Defendant. ) | | |
| _____) | | |

This matter is before the court on defendant's motion for reconsideration. On December 8, 2009, the court entered an order denying defendant's motion to dismiss plaintiff's complaint, or in the alternative, to stay the case until plaintiff exhausted all avenues of administrative review. The court based its ruling on defendant's failure to follow the requisite procedures for notifying a claimant of an adverse benefit determination under Employee Retirement Insurance Security Act of 1974 (ERISA) regulation 29 C.F.R. § 2560.503-1(g). For the reasons set forth below, the court grants defendant's motion for reconsideration.

## I. BACKGROUND

Plaintiff filed a complaint in state court seeking disability benefits under short-term disability (STD) and long-term disability (LTD) insurance policies procured through her employer. Plaintiff was a registered nurse who allegedly became disabled in June 2008, as a result of back problems. Plaintiff exhausted all administrative remedies regarding her claim under the STD policy, and after reversing its decision to deny a final permissive appeal, defendant paid plaintiff STD benefits for a period of twenty-six

1

weeks.

Plaintiff filed a claim for LTD benefits on February 22, 2009. Defendant's initial denial of STD benefits, prior to the reversal mentioned above, classified plaintiff as ineligible for LTD benefits, and on March 5, 2009, defendant denied plaintiff's LTD benefits claim. Defendant's notification letter merely stated that plaintiff was ineligible for LTD benefits and that her case had been closed. Plaintiff then filed her complaint in state court on June 24, 2009.

Following defendant's reversal on the issue of STD benefits, defendant reopened plaintiff's claim for LTD benefits. After re-evaluating that claim, defendant again denied the LTD claim in a letter dated August 20, 2009. This letter informed plaintiff that she must submit a written appeal if she chose to appeal the denial. The letter also informed plaintiff of her right to pursue a lawsuit under section 502(a) of ERISA if defendant denied her benefits claim on appeal. Plaintiff did not appeal the denial.

Defendants removed the case to federal court and filed a motion to dismiss plaintiff's complaint, or in the alternative, to stay the case until plaintiff exhausted all administrative remedies regarding her LTD benefits claim. During oral argument on the motion, plaintiff asserted that defendant failed to follow the procedures required when informing claimants of adverse benefit determinations during the administrative review process, citing 29 C.F.R. § 2560.503-1(g)(1). That regulation mandates that a claimant must receive written or electronic notice of the adverse determination, which contains: (1) the specific reason for the determination; (2) reference to the applicable plan provisions; (3) a description of what is needed to perfect the claim and why; (4) a

description of the plan's review procedure and the claimant's right to file a civil action; and (5) the rules or criteria used in making the determination. The court determined that defendant failed to comply with 29 C.F.R. § 2560.503-1(g)(1) and entered an order denying defendant's motion in its entirety on December 8, 2009.

Defendant now moves for reconsideration of the December 8, 2009 order, arguing that the order is inconsistent with the holding in Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230 (4th Cir. 2008), *a case not previously cited by either party*. Defendant asserts that under Gagliano, the proper remedy for an ERISA procedural violation is "remand to the plan administrator for a 'full and fair review.'" Mot. for Recons. 1.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that

3

should be used sparingly." Id. (internal citation omitted).

The first two grounds are clearly inapplicable to the case before the court, so the issue is whether the court's earlier ruling should be amended to correct a clear error of law or prevent manifest injustice. Defendant apparently argues that the court should reconsider the earlier ruling to correct a clear error of law, in light of the holding in Gagliano, as well as the purpose of the ERISA appeal process.

> That process enables a claimant who is denied benefits to have an impartial administrative review, but also make an administrative record for a court review if that later occurs. Without this opportunity to make a meaningful administrative record, courts could not properly perform the task of reviewing such claims, a specific function entrusted to the courts by ERISA. Moreover, plan participants would be denied their statutory rights. Procedural guidelines are at the foundation of ERISA and "full and fair review must be construed . . . to protect a plan participant from arbitrary or unprincipled decision-making."

Gagliano, 547 F.3d at 235 (internal citations omitted).

In Gagliano, the Fourth Circuit faced facts somewhat similar to those in the instant case. The main parallel is that the plan administrator in Gagliano also failed to provide the claimant with proper notice of an adverse benefit determination. As a result, the court held:

> In cases where there is a procedural ERISA violation, we have recognized the appropriate remedy is to remand the matter to the plan administrator so that a "full and fair review" can be accomplished. "Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's noncompliance, the proper course of action for the court is remand to the plan administrator for a 'full and fair review.'"

Gagliano, 547 F.3d at 240 (quoting Weaver v. Phoenix Home Life Mut. Ins. Co., 990 F.2d 154, 159 (4th Cir. 1993)). The court then noted the single exception to this rule:

4

> The only exception to that rule would be where the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law. That was, in fact, the situation in *Weaver*, where the insurer "produced no evidence that it even remotely considered any specific reasons in denying the claim.'"

Id. The exception does not apply in plaintiff Mobley's case because defendant provided a rationale for its decision to deny LTD benefits. Defendant stated that its earlier denial of STD benefits classified plaintiff as ineligible for LTD benefits. While this is not a remarkably detailed explanation of its decision-making process, it does not amount to the completely baseless decision-making exhibited by the insurer in Weaver.

The court agrees that the rule articulated in Gagliano applies to the case before the court. The court previously determined that defendant's March 5, 2009 letter violated the procedural requirements of ERISA regulation 29 C.F.R. § 2560.503-1(g). As a result, the case will now be remanded to the plan administrator for a "full and fair review." The court also offers the admonition drafted by the Fourth Circuit in Ellis v. Metro. Life Ins. Co., 126 F.3d 228, 239 (4th Cir. 1997): "Hereafter, [defendant LINA], as well as other plan administrators and fiduciaries, would be well advised to ascertain their compliance with these ERISA procedural requirements."

### III. CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration is **GRANTED**, and the case is remanded to the plan administrator for a "full and fair review."

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**February 10, 2010**
**Charleston, South Carolina**